This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.

IT IS SO ORDERED.

Dated: September 15, 2025



Beth A. Buchanan
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | |
| | ) | |
| DAVID L. VORNHOLT | ) | Case No. 25-11808 |
| | ) | Chapter 13 |
| Debtor(s) | ) | Judge Buchanan |
| | ) | |
| | ) | |

**ORDER DENYING DEBTOR'S MOTION TO ALLOW ATTORNEY, BRIAN FLICK, ESQ., TO TESTIFY BY TELEPHONE AT THE HEARING SCHEDULED FOR SEPTEMBER 16, 2025 [Docket Number 70]**

This case is before this Court regarding Debtor's *Motion to Allow Attorney, Brian Flick, Esq., to Testify by Telephone at the Hearing Scheduled for September 16, 2025* [Docket Number 70] (the "Motion").

In the Motion, filed three business days before a previously scheduled evidentiary hearing, Debtor requests that a witness be permitted to testify by telephone because the attorney-witness "will be out of state on the date of the hearing" [Docket Number 70, para. 7].

Federal Rule of Civil Procedure 43(a), incorporated into bankruptcy proceedings via Federal Rule of Bankruptcy Procedure 9017 provides that witness testimony must be taken in open court unless "a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43(a). However, "[f]or good cause in

compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id*.

In this instance, the Debtor has failed to provide compelling circumstances requiring the testimony to occur outside of open court. *See Modern Holdings, LLC v. Corning, Inc.*, 2022 U.S. Dist. LEXIS 255209, at *13, 2022 WL 22902319, at *3 (E.D. Ky. Aug. 7, 2022) (citing Advisory Committee Notes to Rule 43(a) noting that compelling circumstances do not exist merely because it is inconvenient for a witness to attend trial; rather, the most persuasive showings arise when a witness is unable to attend trial for unexpected reasons, such as an accident or illness). Furthermore, the late filing of the Motion has not given this Court the time necessary to set up the appropriate procedures needed to safeguard the cross-examination process and allow for credibility determinations of witness testimony from a remote location.

Accordingly, the Debtor's Motion [Docket Number 70] is DENIED.

SO ORDERED.

Distribution List:

Default List

In re:    Case No. 25-11808-bab
David L. Vornholt    Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0648-1    User: ad    Page 1 of 2
Date Rcvd: Sep 15, 2025    Form ID: pdf01    Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 17, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | David L. Vornholt, 310 Suzanna Way, New Richmond, OH 45157-1238 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Sep 17, 2025      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 15, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Anthony L Geiger | on behalf of Creditor City of Lima Ohio tony.geiger@cityhall.lima.oh.us, amanda.hunsaker@cityhall.lima.oh.us;limalawdept@gmail.com |
| Asst US Trustee (Cin) | ustpregion09.ci.ecf@usdoj.gov |
| Donald W Harper, II | on behalf of Creditor Ohio Department of Taxation bankruptcy@gilesharper.com |
| Gregory M. Wetherall | on behalf of Debtor David L. Vornholt Greg@CincinnatiBankruptcy.com julie@cincinnatibankruptcy.com;wetherallecf@gmail.com;OfficeLR70728@notify.bestcase.com |
| Jason A Fountain | on behalf of Creditor Clermont County Treasurer jfountain@clermontcountyohio.gov airwin@clermontcountyohio.gov |

Joshua A. Koltak
 on behalf of Creditor Minster Bank jkoltak@fgks-law.com  mbrautigam@fgks-law.com

Margaret A Burks
 Cincinnati@cinn13.org

Michael A Staudt
 on behalf of Creditor Minster Bank mstaudt@fgks-law.com  mbrautigam@fgks-law.com

Scott A Sollmann
 on behalf of Creditor Village of New Richmond ssollmann@smbplaw.com

TOTAL: 9